UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

P. C. S. (XXX-XX-7010)  CIVIL ACTION NO. 09-cv-1849

VERSUS  JUDGE WALTER

U.S. COMMISSIONER SOCIAL  MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

**REPORT AND RECOMMENDATION**

**Introduction**

P. C. S. ("Plaintiff") filed an application for disability benefits based on back pain. ALJ W. Thomas Bundy held a hearing and issued a written decision that denied the claim. He found that Plaintiff, who was then 51 years old and had past work experience as a mail clerk, order clerk, data entry worker, classified advertising clerk, and cashier, was not disabled because she could perform the demands of her past work.

Plaintiff pursued her claim to the Appeals Council, which denied a request for review. Plaintiff then filed this civil action to challenge the Commissioner's final decision. It is recommended, for the reasons that follow, that the Commissioner's decision be affirmed.

**Summary of the ALJ's Decision**

In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past

relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity. The claimant bears the burden of showing he is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there are jobs that exist in significant numbers that the claimant can perform. If, at any step, the claimant is determined to be disabled or not disabled, the inquiry ends. See Audler v. Astrue, 501 F.3d 446, 447-48 (5th Cir. 2007).

The ALJ found that Plaintiff was not engaged in substantial gainful activity (step one) and suffered from degenerative disc disease, which is a severe impairment (step two) within the meaning of the regulations. He found at step three that the impairment did not meet or medically equal a listed impairment. Tr. 26-27.

The ALJ reviewed the medical evidence and testimony and assessed Plaintiff's residual functional capacity ("RFC"). He found that Plaintiff had the RFC to perform light work,[1] reduced by the ability to only occasionally climb, balance, stoop, kneel, crouch, and crawl. Tr. 28-31.

A vocational expert ("VE") testified that a person of Plaintiff's age, education, and work experience, with her RFC, would be able to perform the demands of her past jobs, which were listed above. The ALJ accepted that testimony and found at step four that

---

[1] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. 20 C.F.R. §§ 404.1567(b) and 416.967(b). The full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time. Social Security Ruling 83-10.

Plaintiff was not disabled because she could perform the demands of her past relevant work. Tr. 31.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Daily Activities**

When fashioning the RFC, the ALJ reviewed Plaintiff's medical records and assessed her credibility about the extent of her limitations. He noted that the testimony indicated Plaintiff could wash laundry and dishes, drive, grocery shop, and be on her feet for approximately an hour before she has to sit and rest. Tr. 28. The medical records indicated that Plaintiff had some disc protrusion, but Plaintiff's treating physician believed she had exaggerated her pain. Plaintiff's cervical alignment was normal, she had no difficulty walking, and two micro-surgical discectomies had given remarkable results, with Plaintiff afterward denying any neck pain and demonstrating an only partially limited range of motion of the cervical spine. Tr. 29-30.

The ALJ then assessed the RFC for light work, subject to the additional limitations. He explained that Plaintiff's functional abilities were not limited to a greater degree "for several reasons." "First," the ALJ wrote, "the evidence suggests that she can drive, do household chores, and stand for approximately an hour at a time without having to break." He found that the performance of those activities indicated Plaintiff was not more limited than found in the RFC. The next reason given was that Plaintiff had received relief from much of her neck and back pain as a result of the recent surgeries. A third reason was that the medical records indicated Plaintiff may have exaggerated her degree of pain. The ALJ also observed that there were no records that Plaintiff had required extended hospitalization for back pain. The fifth and final reason he gave was that the records consistently showed that, even before the surgery, Plaintiff had no gross motor deficits and a normal range of motion in her back, hips, and legs. Tr. 31.

Plaintiff's first issue contends that the ALJ erred in his consideration of her daily activities because the fact that a claimant is able to engage in certain normal daily activities does not necessarily mean that she is capable of holding a job. That may be true, but that is not what the ALJ held. He pointed to Plaintiff's daily activities as one of five major reasons given for his assessment. It is entirely appropriate for an ALJ to consider claimant's daily activities in assessing the extent of his limitations. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (listing "daily activities" as a factor the Commissioner will consider in evaluating a claimant's symptoms); Bowie v. Astrue, 262 Fed. Appx. 642, 645 (5th Cir.

2008) ("the ALJ properly took into account Bowie's testimony about his ability to engage in normal daily activities").

**Date Last Insured**

The Agency determined, based on Plaintiff's past contributions, that she was insured through September 2008 for the Disability Insurance Benefits program. Tr. 96. The ALJ mistakenly wrote on the first and third pages of his decision that Plaintiff remained insured through September 2007, meaning she had to establish disability on or before that date to receive disability insurance benefits. Tr. 24, 26. Plaintiff argues that her testimony at her March 2008 hearing may have been given less weight by the ALJ because he mistakenly believed that her current condition was not relevant to the period at issue.

The overall context of the ALJ's decision suggests strongly that the September 2007 reference was a typographical or data entry error. The ALJ discussed at length medical records from December 2007 through November 2008. Tr. 30. He made specific reference to the 2008 surgeries when he assessed the RFC. Tr. 31. He never stated that any of this later evidence was irrelevant, as is often done when records outside the relevant period are submitted.

The court should not vacate a decision based on a potential procedural flaw unless the substantial rights of a party have been affected. Anderson v. Sullivan, 887 F.2d 630, 634 (5th Cir. 1989); Mays v. Bowen, 837 F.2d 1362, 1364 (5th Cir.1988) ( "Procedural perfection in administrative proceedings is not required."); and Morris v. Bowen, 864 F.2d 333, 335-36 (5th Cir.1988) (applying harmless error standard in social security case). Plaintiff has not

identified any language in the decision that suggests the mistake actually led to the discounting of more recent evidence or had any substantive effect on the ultimate decision. Reversal is not warranted under these circumstances.

**Lack of Medical Source Statement**

Plaintiff's final issue faults the ALJ for not obtaining from a medical source findings as to Plaintiff's abilities such as lifting, standing, and the like. A medical report should include the medical source's statement about what the claimant can still do despite her impairment. 20 C.F.R. § 404.1513(b)(6). The regulation states that the agency will request a medical source statement about what the claimant can still do, but the lack of such a statement will not automatically make the record incomplete. When the ALJ does not request such a medical statement, and the parties have not pointed to one in this record, the court's inquiry is whether the ALJ's decision is supported by substantial evidence in the record. Ripley v. Chater, 67 F.3d 552, 557-58 (5th Cir. 1995); Gutierrez v. Barnhart, 2005 WL 1994289, \*\* 7-8 (5th Cir. 2005).

Plaintiff points out that the record does include an RFC assessment by a state agency technician (Tr. 230-37), and he argues it is inappropriate to rely on that assessment because the person who prepared the assessment is not a physician. But the ALJ's decision did not rely on or reference that assessment in any way. The mere presence of the report in the record does not give rise to an issue.

Plaintiff also faults the absence of a physician-prepared assessment in the record, and the undersigned has reversed or recommended reversal in a number of cases where there

were reasonable indications in the medical records and testimony that the claimant might not be able to perform the demands of the ALJ-assessed RFC and there was not a medical source statement that included specific findings upon which the ALJ could rely. See, e.g., G.D.C. v. Commissioner, 2010 WL 3522448 (W.D. La. 2010) and K.D.H. v. Commissioner, 2010 WL 3037269 (W.D. La. 2010). In this case, however, the ALJ's determination of RFC is based on substantial evidence even without such specific medical findings.

The only severe impairment that Plaintiff had to interfere with her ability to work was degenerative disc disease. Plaintiff's treating physicians reported that she exaggerated her reports of pain, had normal strength and reflexes, could walk without difficulty, and had full, non-painful range of motion of the spine, back, hips, and legs. Two micro-surgeries significantly relieved the pain Plaintiff had been experiencing. Plaintiff also engaged in daily activities that suggested the ability to meet the minimal demands of light work, as defined in the regulations. Furthermore, three of the past relevant jobs that Plaintiff was found able to perform were sedentary work, which involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Walking and standing may be required up to a total of two hours per workday. 20 C.F.R. §§ 404.1567(a) and 416.967(a); Social Security Ruling 83-10.

Plaintiff has not pointed to any evidence that would reasonably suggest she is so limited as to be unable to perform those sedentary jobs. The record shows that the Commissioner's decision was supported by substantial evidence, and Plaintiff has not demonstrated any prejudice stemming from the lack of more specific medical source findings

about the extent of her limitations.  See Gutierrez, 2005 WL 1994289, \*\* 7-8 (affirming in a similar setting when evidence of daily activities and medical improvement supported the RFC).

Accordingly,

**IT IS RECOMMENDED** that the Commissioner's decision to deny benefits be affirmed and that Plaintiff's complaint be dismissed without prejudice.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 19th day of July, 2011.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE